UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 25 P 3: 01

LAVAR BURNEY

v.

UCONN HEALTH CENTER, and
HECTOR RODRIGUEZ, in his
Official Capacity

PRISONER
Case No. 3:03CV1028(AWT)

US DISTRICT COURT
HARTFORD CT

## RULING AND ORDER

The plaintiff, Lavar Burney, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The plaintiff alleges that on or about March 6, 2002, he was playing basketball in the recreation area at Cheshire Correctional Institution. He claims that another inmate knocked him into the sharp edge of a window sill that is below the basketball hoop. The plaintiff sustained an abrasion to his elbow. A nurse in the medical department cleaned the abrasion and recommended that the plaintiff undergo x-rays. Later that day, several correctional officers transported the plaintiff to Manson Youth Institution for x-rays. The officers then transported the plaintiff to University of Connecticut Health Center. A doctor examined the plaintiff and informed him that it was just a bump and that all he needed was aspirin. She also recommended that the plaintiff refrain from playing basketball for several weeks. The plaintiff claims that he sustained a fractured bone in his arm.

The plaintiff seeks monetary damages and an order that the Warden make the recreation area a safer place. For the reasons that follow, the complaint is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990)).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the

2

> claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Cruz, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under 28 U.S.C.

3

1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James,

782 F.2d 1134, 1138 (2d Cir. 1986).

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. See Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

Here, the plaintiff sues the defendants in their official capacities only. He seeks monetary damages from all defendants and injunctive relief against defendant Rodriguez. Any monetary recovery by the plaintiff against the defendants in their official capacities, however, would constitute a recovery against the state and, as such, to the extent the plaintiff seeks such a recovery, his claim is barred by the Eleventh Amendment. Accordingly, the claims for monetary damages against the defendants in their official capacities are being dismissed. See

Spencer, 139 F.3d at 111; 28 U.S.C. § 1915(e)(2)(B)(iii).

The plaintiff alleges that Warden Rodriguez was deliberately indifferent to his safety because there was a window with sharp edges underneath the basketball hoop in the recreation area. The Supreme Court has defined the contours of the Eighth Amendment protection against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, as follows:

> The Eighth Amendment's bar on inflicting cruel and unusual punishments . . . 'proscribe[s] more than physically barbarous punishments.' . . . It prohibits penalties that are grossly disproportionate to the offense . . . as well as those that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity and decency.

Hutto v. Finney, 437 U.S. 678, 685 (1978) (citations omitted). See also Rhodes v. Chapman, 452 U.S. 337, 347 (1981). There is no static test for determining whether conditions of confinement are cruel and unusual. Rhodes, 452 U.S. at 346. The Eighth Amendment must "draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Id. The Second Circuit has addressed the needs protected by the Eighth Amendment, stating that sentenced prisoners are entitled only to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520 (1979); Lareau v. Manson, 651 F.2d 96, 106 (2d Cir. 1981). "To

the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347.

To prevail on a claim that conditions of confinement constitute cruel and unusual punishment, an inmate must establish objective and subjective components of the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). First, the inmate must show that he has suffered a "sufficiently serious" deprivation in objective terms, that is, that he has been denied "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991). An inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, the plaintiff alleges that Warden Rodriguez failed to provide him with a safe place to play basketball in the recreation yard. He does not allege, however, that Warden Rodriguez was aware of the dangerous area prior to the

plaintiff's accident or that he failed to take any action to fix the sharp edges of the window prior to the accident. Thus, the plaintiff has not alleged that Warden Rodriguez had the requisite culpable state of mind necessary to satisfy the subjective prong of the Eighth Amendment standard. Accordingly, the plaintiff has failed to allege facts sufficient to state a claim against Warden Rodriguez under the Eighth Amendment. Thus, the claims against Warden Rodriguez are being dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff names also names the University of Connecticut Health Center as a defendant. It is well-settled that a state agency is not a "person" within the meaning of section 1983. See Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-38 (D.N.J. 1989) (Department of Corrections not a person under section 1983); Sittig v. Illinois Dep't of Corrections, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985) (Illinois Department of Corrections not a person under section 1983); Allah v. Commissioner of Dep't of Correctional Services, 448 F. Supp. 1123, 1125 (N.D.N.Y. 1978) (New York Department of Correctional Services not a person under §1983). Because there is no arguable legal basis for a section 1983 action against a state agency, all

claims as the University of Connecticut Health Center are being dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

### Conclusion

For the foregoing reasons, the complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). The court will permit the plaintiff to file an amended complaint within thirty days of this ruling and order, provided he can identify the doctor who allegedly treated him at University of Connecticut Health Center and can allege facts stating a claim for deliberate indifference to medical needs. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996) (reversing and remanding to enable plaintiff to amend complaint to name appropriate defendants and determining that such amendment would relate back to date of filing of original complaint).

The Clerk is directed to enter judgment in favor of the defendants and close this case. Should the plaintiff file an amended complaint as directed, the Clerk will reopen the case.

It is so ordered.

Dated this 25th day of November 2003, in Hartford, Connecticut.

_____
Alvin W. Thompson